IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 18, 2005 Session

PATRICIA CONLEY, AS EXECUTOR AND PERSONAL
REPRESENTATIVE OF THE ESTATE OF MARTHA STINSON,
DECEASED
v.
LIFE CARE CENTERS OF AMERICA, INC., ET AL.

Appeal from the Circuit Court for Hickman County
No. 00-5064C-II      Timothy L. Easter, Judge

No. M2004-00270-COA-R3-CV - Filed on January 4, 2007

PATRICIA J. COTTRELL, J., concurring opinion.

Although I concur in the result and reasoning of reached by the majority opinion, I think it important to emphasize one point. I agree with the trial court that none of the allegations regarding Ms. Stinson's stay at the nursing home prior to January 1, 2000, state any cause of action warranting relief. They were properly dismissed because there was no causal connection between those alleged incidents or omissions and the injuries suffered by Ms. Stinson due to the assault by Mr. Johnson. That determination eliminates most of the allegations supporting the TAPA claims that Plaintiff wanted to add.

The viable claims are (1) negligent supervision of Mr. Johnson and/or Ms. Stinson at the time of the assault; (2) negligent admission of Mr. Johnson and letting him remain; and (3) negligent psychological care while he remained in the nursing home. I agree with the majority opinion that none of the allegations regarding these claims states a cause of action under Tenn. Code Ann. § 71-6-120(b) for abuse or neglect as defined in Tenn. Code Ann. § 71-6-102(1). Consequently, the TAPA claims were properly excluded. Because Plaintiff failed to state a factual claim under TAPA, we need not resolve the issue of whether the claims are medical malpractice claims or not for purposes of applying the exclusionary language in TAPA.[1]

_____
PATRICIA J. COTTRELL, JUDGE

---

[1]Of course, the designation of a particular claim as one for medical malpractice triggers the evidentiary requirements applicable to such actions, and some issues have been raised regarding those requirements.